IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

DONELL LAMAR DAWSON,

Defendant.

CASE NO.: 4:20-cr-97

### O R D E R

Defendant Donell Lamar Dawson has filed a document with the Court through which he makes several requests including seeking compassionate release. (Doc. 47.) The Government has moved to dismiss Dawson's request for compassionate release.[1] Based on the foregoing, the Court **GRANTS** the Government's Motion for Extension of Time, (doc. 48), **GRANTS** the Government's Motion to Dismiss, (doc. 49), and **DENIES** Dawson's Motion for Compassionate Release, (doc. 47). Further, the Court **DENIES** Dawson's request for appointment of counsel, (doc. 47), and his Motion to Receive Documents, (doc. 46).

Dawson's instant pleading, (doc. 47), is unclear and appears to be a compilation of pleadings written at various times. The balance of the pleading is a request for compassionate release which the Court addresses in this Order. However, in Pages 5 and 6 of the Motion, Dawson appears to take issue with the performance of his counsel and his plea agreement. (Id. at pp. 5—6). The Court could construe these two pages of Dawson's pleading as a request to set aside his conviction and sentence pursuant to 28 U.S.C. § 2255. However, before the Court can do so, it

---

[1] The Court **GRANTS** the Government's Motion for Extension of Time, (doc. 48), and deems the Government's response timely filed.

must provide the warning required by Castro v. United States, 540 U.S. 375, 383 (2003) ("the district court must notify the pro se litigant that it intends to recharacterize the pleading [as a § 2255 motion], warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."). Pursuant to Castro, the Court warns Dawson that it will recharacterize Pages 5 and 6 of his instant motion as a Section 2255 motion. If he chooses to proceed with these pages as a Section 2255 Motion, Dawson will lose his ability to file any successive petition on this same matter without first seeking permission to do so from the Eleventh Circuit. He thus has three choices: (1) have Pages 5 and 6 of his motion ruled upon as filed, but as a Section 2255 motion; (2) amend Pages 5 and 6 to include any other claims he may have; or (3) withdraw Pages 5 and 6 entirely. He has thirty days to decide what to do. If he does not thereafter affirm, supplement, or replace Pages 5 and 6 or notify this Court of his intent to withdraw these pages, the Court will proceed to rule on them as a Section 2255 motion. Accordingly, the Court **DIRECTS** Dawson to make his Castro election within **thirty days** of the date of this Order. The Clerk is **DIRECTED** to furnish Dawson with a Section 2255 motion form, should he wish to amend his motion, as well as copies of Pages 5 and 6 of his Motion, (doc. 47, pp. 5—6).

**BACKGROUND**

After Dawson pleaded guilty to with possession with intent to distribute a quantity of methamphetamine, the Court sentenced him 121 months' imprisonment on March 4, 2021. (Doc. 42.) Dawson is currently serving that sentence at FCI Coleman Medium, located in Coleman, Florida, with a projected release date of April 16, 2029. (Doc. 49, p. 2.) In his recent

Motion, Dawson contends that his medical conditions, including diabetes, in combination with the COVID-19 pandemic warrant his compassionate release.  (Doc. 47.)

## DISCUSSION

I.  **Motion to Receive Documents**

Defendant filed a Motion to Receive copies of various documents associated with this case without payment.  (Doc. 46.)  Defendant cites no statutory authority for the receipt of these documents without prepayment.  Moreover, though he states that he needs the documents to prepare an appeal, he filed his request long after the period for filing an appeal expired.  Thus, the Court **DENIES** his request to receive documents.  Should Defendant still seek documents, he may write the Clerk of Court to obtain information regarding the costs for obtaining documents and the procedures for prepayment.

II.  **Motion for Appointment of Counsel**

As the Government correctly points out in its Response, (doc. 49, pp. 4—5 n. 2), there is no statutory or constitutional right for appointment of counsel to assist a defendant with a post-conviction proceeding, including a motion for compassionate release.  See United States v. Courson, 835 F. App'x 546, 547 (11th Cir. 2021) (per curiam) (citing United States v. Webb, 565 F.3d 789, 794-95 (11th Cir. 2009), in connection with motion under 18 U.S.C. § 3582(c)(2)); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009).  Moreover, Defendant has failed to present a compelling reason to appoint counsel in this case.  There is nothing so legally complex regarding a compassionate release motion that would prevent Defendant from presenting his arguments to this Court without the benefit of a lawyer.  Moreover, Defendant has failed to provide anything other than conclusory statements regarding his potential arguments for compassionate

release. Thus, he has not demonstrated how counsel could benefit his effort. For all these reasons, the Court **DENIES** Defendant's Motion for Appointment of Counsel.

### III.     Motion for Compassionate Release

The First Step Act at 18 U.S.C. § 3582(c)(1)(A) provides a narrow path for a district court to reduce the sentence of a criminal defendant where there are "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c)(1)(A)(i). Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release in the district court. The First Step Act modified Section 3582(c)(1)(A) to allow a defendant to move a federal district court for compassionate release. However, there are four prerequisites to a court's granting compassionate release under the First Step Act. First, the defendant must have exhausted his administrative rights with the BOP. Id. Second, the court must find that "extraordinary and compelling reasons warrant" release. 18 U.S.C. § 3582(c)(1)(A)(i). Third, the court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Fourth, the court must find that release is consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A).

### A. Defendant Failed to Exhaust his Administrative Remedies.

The United States argues that Dawson cannot meet the first of these requirements—exhaustion of administrative remedies—because he has failed to present his request for release to the Warden or anyone within the BOP. (Doc. 49, pp. 11—12.) Specifically, Section 3582(c)(1)(A) prescribes that a defendant may file a motion for compassionate release only "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Dawson attached

to his response to the Government's Motion to Dismiss an application he filed on May 4, 2022. (Doc. 54, p. 2.) Dawson claims that he filed this application on October 21, 2021, but it was misplaced. (Id. at p. 1.) Dawson's claim regarding the date of the document lacks credibility. Because Dawson did not provide BOP with an "opportunity to assess" the arguments he now raises before seeking relief from this Court, he failed to exhaust his administrative remedies. See, Order United States v. Heller, 2:18-CR-56 (S.D. Ga. Nov. 2, 2020) ECF No. 423, p. 4.

The Court cannot grant Dawson compassionate release until he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). In the face of the Government's Motion, Dawson has failed to demonstrate that he fulfilled this requirement before bringing his Motion for Compassionate Release. Consequently, the Court **GRANTS** the Government's Motion to Dismiss.

### B. Defendant's Release Would Contradict the Section 3553(a) Factors.

Further, putting aside the Government's exhaustion arguments, the Court can only grant compassionate relief "after considering the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A); see also, United States v. Webster, No. 3:91CR138, 2020 WL 618828, at *5–6 (E.D. Va. Feb. 10, 2020) (denying defendant compassionate release even though defendant's terminal cancer presented extraordinary and compelling grounds for relief because the purposes of sentencing weigh against compassionate release and noting "[e]ven if a defendant meets the eligibility criteria for compassionate release, the Court retains discretion over whether to grant that relief."). Pursuant to Section 3553(a), federal courts must impose sentences "sufficient, but not

greater than necessary" to satisfy the purposes of sentences. 18 U.S.C. § 3553(a). To that end, courts must consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed –
   a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   b. to afford adequate deterrence to criminal conduct;
   c. to protect the public from further crimes of the defendant; and
   d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the kinds of sentences and the sentencing range established for [the applicable offense category as set forth in the guidelines];
5. any pertinent policy statement ... by the Sentencing Commission;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

An evaluation of these factors weighs heavily against Dawson's request for compassionate release. The facts of this case, including those established by Dawson's own admissions, reveal a serious level of criminality. Dawson, a felon, was pulled over for traffic violations, and the subsequent search of his vehicle revealed a .380 caliber pistol, a box of ammunition, a digital scale, plastic bags, and 135.7 grams of methamphetamine with a purity amount of 93 percent. (Doc. 39, pp. 5—6.) The charge Dawson pleaded guilty to is a serious crime for which Congress establishes a penalty of up to twenty years' imprisonment. Moreover, Dawson's criminal history is significant resulting in a Guidelines Criminal History Score of Category IV. (Id. at p. 7—10.) Dawson already received a substantial benefit from the plea agreement as the charges he originally faced would have resulted in a mandatory minimum penalty of fifteen years' imprisonment. (Id. at p. 16.) Further, he received a sentence at the low end of his Guidelines range, and the Court sentenced him only approximately nineteen months ago. Even considering the time Dawson was detained

6

prior to his sentence, releasing Dawson after such a short period would not reflect the seriousness of his offense, would not provide just punishment, and would contradict the purposes of deterrence. 18 U.S.C. § 3553(a)(2)(A)-(B).  Further, remaining within the custody of the Bureau of Prisons provides Dawson the opportunity to receive "needed educational or vocational training" and "other correctional treatment in the most effective manner."  18 U.S.C. § 3553(a)(2)(D).

While Dawson raises concerns about the medical treatment he is receiving and the conditions of his detention, the medical records attached to the Government's Response indicate that prison officials are attending to his medical needs.  The Government's Response also indicates that the BOP is taking measures to address COVID-19 in its facilities including Dawson's and that Dawson has received vaccinations against the virus.  Moreover, allowing Dawson to be released would create significant sentencing disparities between Dawson and other defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a)(6).  In sum, the Court has reviewed all of the Section 3553(a) factors and finds that they warrant the denial of his request for compassionate release.  Thus, regardless of the issue of exhaustion, the Court **DENIES** Dawson's request for compassionate release.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the Government's Motion for Extension of Time, (doc. 48), **GRANTS** the Government's Motion to Dismiss, (doc. 49), and **DENIES** Dawson's Motion for Compassionate Release, (doc. 47).  Further, the Court **DENIES** Dawson's request for appointment of counsel, (doc. 47), and his Motion to Receive Documents, (doc. 46).

Dawson is directed to pay close attention to the Court's above instructions regarding his putative Section 2255 Motion and his <u>Castro</u> election.

**SO ORDERED**, this 16th day of November, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA